IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY RAY WATSON, JR.                                                                              PLAINTIFF

     v.                                        Civil No. 4:10-cv-04190

SHERIFF RON STOVALL,
CAPTAIN JACK HEINTZLEMAN,
CAPTAIN S. HARTLINE,
CORPORAL JAMES PEARCY, and
SGT. VICTOR RAGGS                                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

     Plaintiff Bobby Ray Watson, Jr. filed this case *pro se* and *in forma pauperis* on December 27, 2010 under 42 U.S.C. § 1983.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  For the following reasons, it is the recommendation of the undersigned that the above-styled case be **DISMISSED** without prejudice.

**I.**     **Background:**

     On January 27, 2012, Separate Defendants Sheriff Ron Stovall, Captain Jack Heintzleman, Captain S. Hartline, and Corporal James Pearcy ("Separate Defendants") filed a Motion for Summary Judgment.  ECF No. 35.  On January 30, 2012, this Court issued an order directing Plaintiff to state whether he needed assistance in filing a response to this Motion for Summary Judgment.  ECF No. 38.  On February 15, 2012, Plaintiff requested "the court's assistance in responding to the summary judgment motion by the preparation of a questionnaire."  ECF No. 39.

In order to assist Plaintiff with his response to this Motion for Summary Judgment, this Court sent Plaintiff a questionnaire and an accompanying order directing Plaintiff to respond to the questionnaire. ECF No. 41. The questionnaire and order were sent to the address on file.[1] *Id.* The order directed Plaintiff to respond to the attached questionnaire and also stated the following:

> Plaintiff is hereby **DIRECTED** to complete, sign, and return the attached response to Separate Defendants' Motion for Summary Judgment on or before **July 27, 2012.** If Plaintiff fails to respond by the deadline this case may be dismissed.

*Id.* As of this date, Plaintiff has not returned this questionnaire as directed by this Court. Plaintiff has also not sought an extension of time to submit his responses to this questionnaire. Further, this questionnaire and the Court's order were not returned as undeliverable.

## II. Applicable Law:

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (holding the district court posses the power to dismiss a case *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Further, dismissal with prejudice is an extreme sanction and is only to be used in cases of

---

[1] Plaintiff provided this Court with his current address, and this is the address on file. This Court has directed Plaintiff to "immediately inform the Court of any change of address." ECF No. 3. Plaintiff has not notified this Court of a change of address. Thus, this Court presumes the address on file is the correct address.

"willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The district court does not, however, need to find Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.  Discussion:

As demonstrated above, by failing to respond to this Court's questionnaire by July 27, 2012, Plaintiff has failed to comply with an order of this Court. Plaintiff failed to comply, despite being warned that his failure to respond "by the deadline" may result in the case being "dismissed." ECF No. 41.

Further, it should be noted that Plaintiff did not seek an extension of time so that he could timely file his responses to this questionnaire. This order and questionnaire were not returned to this Court as undeliverable. Based upon this information, this Court finds Plaintiff has been provided with adequate notice that his case could be dismissed for failure to comply with the Court's Order, and he was also provided ample opportunity to respond to Separate Defendants' Motion for Summary Judgment. Accordingly, this case should be dismissed without prejudice for failure to follow the Court's Order pursuant to Rule 41(b).

### IV.  Conclusion:

For the foregoing reasons, I recommend the above-styled case be **DISMISSED** without prejudice[2] on the grounds that Plaintiff has failed to comply with the Court's order. *See* FED. R.

---

[2] Because there is no evidence of "willful disobedience," this Court recommends dismissal without prejudice and not dismissal with prejudice. *See Hunt,* 203 F.3d at 527.

CIV. P. 41(b).

**Plaintiff has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of August 2012.**

                /s/  Barry A. Bryant
                HON. BARRY A. BRYANT
                U. S. MAGISTRATE JUDGE